**RUI JIE LIN, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

**No. 07–1495–ag.**

United States Court of Appeals, Second Circuit.

Oct. 23, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Peter D. Keisler, Assistant Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Rui Jie Lin, a citizen of the People's Republic of China, seeks review of a March 26, 2007 order of the BIA affirming the August 4, 2005 decision of Immigration Judge ("IJ") Helen J. Sichel denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Jie Lin*, No. A98 354 189 (B.I.A. Mar. 26, 2007), *aff'g* No. A98 354 189 (Immig. Ct. N.Y. City Aug. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision and supplements this decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

We conclude that the IJ's adverse credibility finding was supported by substantial evidence. The IJ properly found that there were "significant contradictions" in Lin's testimony, which could not be overcome because Lin failed to provide available corroborating evidence. *Zhou Yun Zhang*, 386 F.3d at 78. The IJ found it implausible that Lin could not leave China for five years following his release from detention given the current levels of illegal immigration from China. Noting that Lin's sister left China after Lin was released, the IJ reasonably refused to credit Lin's explanation that the smugglers only had a place for a female emigrant at the time. *Majidi v. Gonzales*, 430 F.3d 77, 79–80 (2d Cir.2005). This inference was not based on "bald" speculation, *see Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007), but on the IJ's "expert working knowledge" of emigration from China to this country. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 186 (2d Cir.2006).

Other findings by the IJ were also reasonable and supported her adverse credibility determination. Lin's testimony that his father had not left China after suffering persecution because he was too old was inconsistent with his father's letter stating that he had not left because he had not had the opportunity. That Lin would not know any details of his sister's alleged persecution despite having lived with her for six years following the alleged persecution was implausible. Finally, viewing the record as a whole, the long delay from the time Lin and his sister suffered persecu-

tion to the point at which each left China for the U.S. and their similar age, 21, when they arrived, made it likely that Lin had come to the U.S. to seek employment rather than fleeing persecution.

Having called Lin's testimony into question, the IJ properly found that his failure to produce testimony or an affidavit from his sister or from those with whom he claims are present when he practices Falun Gong in the U.S. rendered him unable to rehabilitate his testimony. *Zhou Yun Zhang*, 386 F.3d at 78. Taken as a whole the agency's finding, and the resulting denial of asylum, was supported by substantial evidence. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006).[2]

Because the only evidence of persecution depended upon his credibility, the adverse credibility determination in this case necessarily precluded success on his application for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Similarly, to the extent that Lin's

**2.** Because we find that the agency's adverse credibility determination is supported by substantial evidence, we need not reach the BIA's supplementary discussion regarding the inconsistency between Lin's initial statement to

CAT claim was based upon the same factual predicate as his application for asylum and withholding, the adverse credibility finding was also fatal to that claim. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

immigration officials and his subsequent testimony.